IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNE P. BLAKELY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 10-1700 |

ORDER

AND NOW, this 23rd day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff argues, inter alia, that the Administrative Law Judge ("ALJ") failed to properly evaluate or explain the weight accorded to the opinion evidence of treating medical source Dr. Manohar Shetty. The Court disagrees and finds that substantial evidence supports the findings of the ALJ.

Plaintiff is correct, of course, that an ALJ is required to evaluate the medical opinions that are received. See 20 C.F.R. §§ 404.1527(b), 416.927(b). However, a medical opinion is a statement from a medical source that reflects judgments about the nature and severity of a claimant's impairments. See 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). The evidence provided by Dr. Shetty was not medical opinion evidence, but rather objective medical findings contained primarily in treatment records. Dr. Shetty does not offer an opinion as to what impairments, if any, Plaintiff had. Therefore, Dr. Shetty's findings were not medical opinions to be "weighed"; rather, they constituted objective findings to be considered and discussed. The ALJ did just that, thoroughly discussing the treatment records provided by Dr. Shetty. (R. 16). Moreover, while an ALJ must consider all of the relevant evidence and give reasons for discounting or rejecting certain pieces of evidence, see Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999), contrary to Plaintiff's assertions, there is no indication that the evidence provided by Dr. Shetty was in any way discounted or rejected by the ALJ in determining Plaintiff's residual functional capacity and in finding her to be not disabled.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:   Counsel of record